UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GORDON** | **CIVIL ACTION NO.: 3:17-CV-01069** |
| **VERSUS** | **JUDGE: SHELLY D. DICK** |
| **AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, XAVIER REESE, AND PASCHALL TRUCK LINES, INC.** | **MAGISTRATE: RICHARD L. BOURGEIOIS, JR.** |

## DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND REQUEST FOR STATUS REPORT

### A. JURISDICTION

What is the basis for the jurisdiction of the Court?

Answer: Diversity Jurisdiction asserted in the removal petition of the Defendants;

### B. BRIEF EXPLANATION OF THE CASE

1. Plaintiff claims: This is a personal injury action following a motor vehicle collision between citizens of different states. On October 25, 2016 at approximately 1:20 A.M., David Gordon was inside his 2016 Peterbuilt tractor trailer, properly parked within a designated parking space at the Love's parking lot at 751 Lobdell Highway South, in the Parish of West Baton Rouge, State of Louisiana. That at approximately the same time and place, Xavier Reese operated his tractor trailer outside of designated travel lanes of the parking lot and into areas designated as parking spaces and collided with the vehicle properly parked by David Gordon. At the time of the collision, Mr. Reese was acting within the course and scope of his employment with Pashall Truck Lines, Inc., and was insured under a policy of insurance issued by American Trucking and Transport Insurance Company, the terms of which obligate it to afford coverage for the collision. Following the collision, Mr. Gordon suffered injuries, most notably of

which is a spinal injury that has required interventional pain treatment and caused Mr. Gordon to miss months of work. Following that treatment, Mr. Gordon was assigned a permanent impairment rating by his treating physicians but was able to return to employment.

2. Defendant claims:

David Gordon has filed suit seeking recovery of damages for personal injuries allegedly sustained on October 25, 2016 as a result of an automobile accident which occurred in West Baton Rouge Parish, Louisiana. More particularly, the plaintiff alleges that he was inside of his 2016 Peterbilt tractor/trailer "properly parked … in a parking space in the parking lot of Love's" located at 751 Lobdell Hwy. South, when his vehicle was allegedly struck by a 2017 Freightliner tractor/trailer, owned by paschal Truck Lines and operated by Xavier Reese. The plaintiff further alleges that Reese was in the course and scope of his employment with Paschall Truck Lines at the time of the alleged accident. Gordon has now filed suit in the 18th Judicial District Court for West Baton Rouge Parish, Louisiana against ATTIC, Xavier Reese, and Paschall Truck Lines, Inc.

Defendants assert the complaint fails to state a cause of action or right of action; Defendants claim prescription and/or statute of limitations; Defendants deny all factual allegations except that it is admitted that Xavier Reese, is a person of the full age of majority and domiciled in Terry, Mississippi. It is also admitted that Paschall Truck Line Inc. is a Kentucky corporation with its principal place of business in Murray, Kentucky. It is further admitted ATTIC, is a Montano risk

2

retention group with its principal place of business in Missoula, Montana, which is authorized to do business in the State of Louisiana. Defendants further deny all fault, negligence and/or responsibly for the accident resulting losses or expenses to the plaintiffs and further assert any damages were caused solely and proximately by the plaintiffs voluntary assumption of known risks; Defendant asserts that any injuries or damages sustained by plaintiffs were caused by the negligence or fault of other persons for which defendants are not responsible and that the plaintiffs were contributory and comparatively negligent and furthermore failed to mitigate their alleged damages. Finally, defendants assert that the circumstances presented by the plaintiffs' actions constituted a sudden emergency which could not have been reasonably avoided, and which was solely cause by the negligence of the plaintiffs.

## C. PENDING MOTIONS

List the pending motion(s), the date filed, and the basis of the motion(s): None at this time.

## D. ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**<u>Plaintiff's identification of issues:</u>**

Plaintiff does not believe that liability should be at issue here as Plaintiff was in a stationary vehicle, properly parked, at the time of the collision. As such, Plaintiff believes that the only true issues to be resolved by this Court are:

1.    The nature and extent of Plaintiff's injuries;

2. The appropriate amount of general damages for Plaintiff's injuries;

3. The appropriate amount of lost wages for Plaintiff's injuries;

4. The extent and value of any permanent impairment of Plaintiff; and

5. The appropriate amount of all past and future medical expenses.

**Defendants' identification of issues:**

1. A determination of fault in the cause of the automobile accident;

2. Resolution of defendants' assertion that the complaint fails to state a right or cause of action;

3. Did the circumstances presented by plaintiffs' action constitute a said emergency which could not have been reasonably avoided.

4. Determination of damages, losses, and expenses incurred by the plaintiffs;

5. Determination of whether plaintiffs voluntarily assumed all known risks of hazards, and whether such hazards are observable, obvious, and well known to plaintiffs whereby they are estopped from claiming recovery herein;

6. Whether injuries and damages sustained by the plaintiffs were caused by the negligence or fault of any third parties;

7. Whether the plaintiffs were contributory or comparatively negligent, and should recovery herein be defeated or mitigated;

8. Did plaintiffs fail to mitigate their damages?

### E. DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.  Plaintiffs' calculation of damages: Plaintiff has not yet received all medical bills for treatment rendered to date. Plaintiff underwent a MRI that revealed disc involvement following the collision and for which interventional pain management was recommended. That treatment included multiple injections to his spine and a radio-frequency ablation was recommended. Plaintiff's aggregate lost wages from the collision exceed $21,797.00, through October 26, 2017. Plaintiff alleges that his damages are in excess of $75,000.

2.  Defendants have not yet been provided with copies of plaintiff's medical records. As such, are not yet in a position to provide a calculation of plaintiffs' damages.

F.  **SERVICE:**

There are no known services issues at this time.

G.  **DISCOVERY**

1.  Initial Disclosures:

    A.  Have the initial disclosures required under FRCP 26 (a) (1) been completed?

        ( X ) YES ( ) NO

        **Defendants have provided plaintiff with their Rule 26(f) initial disclosures and the parties have agreed to waive all remaining initial disclosures and, instead, proceed immediately with formal written discovery, previously propounded.**

    B.  Do any parties object to initial disclosures?

( ) YES ( X ) NO

For any party who answered yes, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): Plaintiff has propounded Requests for Production and Interrogatories to each Defendant. As of this writing, no Defendant has responded.

By defendant(s): Defendants have propounded a first set of interrogatories and Request for Production of Documents to plaintiff. As of this writing, plaintiff has not yet responded to such discovery requests.

3. Please describe any protective orders or other limitations on discovery that may be required/sough during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?) None known at this time.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiff has not made any final decisions regarding experts at this time. The only experts consulted to date have been the treating physicians and/or health care providers identified hereinabove. The opinions and facts known to said experts are set forth in their records and/or reports, copies of which are being produced. Plaintiff further

anticipates the potential need for expert engineers, human factor experts, economists, functional capacity experts, and accident reconstructionist.

By defendant(s): Expert medical testimony from IME physician and potentially an accident reconstructionist as well as any similar type of expert as retained by plaintiff in this matter.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: The parties propose waiving all remaining initial disclosures and, instead, proceeding directly to responding to written discovery already propounded.

2. Recommended deadlines to join other parties or to amend the pleadings: January 31, 2018.

3. Filing all discovery motions and completing all discovery except experts: June 29, 2018.

4. Disclosures of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosures of experts in different subject matters):

    Plaintiff(s): June 31, 2018.

    Defendant(s): July 30, 2018.

5. Exchange of expert reports:

    Plaintiff(s): August 29, 2018.

    Defendant(s): September 28, 2018.

6. Completion of discovery from experts: October 29, 2018.

7. Filing dispositive motions and Daubert motions: November 29, 2018.

  8. All remaining deadlines and the pre-trials conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e. Pretrial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadline which is more appropriate for your case.

**I.** **TRIAL**

  1. Has a demand for trial by jury been made?

      ( X ) YES ( ) NO

  2. Estimate the number of days that trial will require. Three (3)

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

( ) YES (X) NO

i.    If the answer is yes, please explain:

ii.   If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.

(X) YES ( ) NO

**K.    SETTLEMENT**

1.   Please set forth what efforts, if any, the parties have made to settle this case to date.   As of this writing, the plaintiff has not issued a formal demand and there have been no settlement discussions.

2.   Do the parties wish to have a settlement conference:

(X) YES ( ) NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?    At conclusion of discovery.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

The parties do <u>not</u> agree to jurisdiction by a Magistrate Judge of this court.

Respectfully submitted:

| | |
|---|---|
| /s/ Matthew D. Hemmer<br>Matthew D. Hemmer, #34300<br>Morris Bart, LLC<br>601 Poydras Street, 24th Floor<br>New Orleans, Louisiana 70130<br>Telephone:   (504) 525-8000<br>Facsimile:   (800) 878-8937<br>mhemmer@morrisbart.com<br><br>Attorney for Plaintiff, David Gordon | /s/ Nicholas J. Chauvin<br>Nicholas J. Chauvin<br>Perrier & Lacoste, L.L.C.<br>365 Canal St., Suite 2550<br>New Orleans, LA 70130<br>T: (504) 526-1699<br>F: (504) 526-1709<br>NChauvin@PerrierLacoste.com<br><br>Attorney for Defendants |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the Court's CM/ECF system, which will deliver a true and accurate copy of the same to all counsel of record this 29th day of November, 2017.

/s/ Matthew D. Hemmer
MATTHEW D. HEMMER