UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID GORDON** | * |
| | * |
| | *   **CIVIL ACTION NO.** |
| **VERSUS** | * |
| | *   **3:17-cv-01069-SDD-RLB** |
| **AMERICAN TRUCKING AND** | * |
| **TRANSPORTATION INSURANCE** | * |
| **COMPANY, ET AL** | * |
| | * |

**COMPLAINT OF INTERVENTION**

**NOW INTO COURT**, through undersigned counsel, comes Intervenor, Great West Casualty Company, and files this Complaint of Intervention, and further avers as follows:

**I.**

**a.**   Great West, is a foreign corporation licensed to do and doing business in the State of Louisiana.

**b.**   Plaintiff, David Gordon, is a person of the full age of majority and a Louisiana resident who has appeared in this litigation through counsel.

**c.**   Defendant, Xavier Reese, is a person of the full age of majority domiciled in the County of Hinds, Mississippi.

**d.**   Defendant, American Trucking and Transportation Company, is a foreign insurer authorized to do and doing business in the State of Louisiana.

**e.**   Defendant, Paschall Truck Lines, is a corporation organized under the laws of the Commonwealth of Kentucky with its principal place of business in Marray, Kentucky.

**II.**

1

At all material times, Great West issued a Workers' Compensation insurance policy, Policy No. WC27021B ("Policy"), to US Xpress Enterprises, Inc., which was in effect at the time of this accident. Plaintiff, David Gordon, was employed by US Xpress Enterprises, Inc. on October 25, 2016 when he was injured as a result of his motor vehicle accident.

### III.

On or about October 25, 2016, David Gordon was sleeping in the sleeper and was hit by another truck owned by Paschall Truck Lines and driven by Xavier Reese. The driver struck the front driver side causing David Gordon to jump and hit his head on the metal bar of the top bunk. David Gordon sustained injuries to his head, back and neck.

### IV.

The accident and injuries to David Gordon was the fault of and proximately caused by Defendant, Xavier Reese, in the following non-exclusive particulars:

a. By striking a stationary and properly parked vehicle;

b. By failing to operate his vehicle wholly within the designated lanes of travel within the parking lot;

c. By operating his vehicle into a designated parking space without first ascertaining that the maneuver could be completed safety;

d. By failing to maintain reasonable and proper control of the vehicle under his control upon a public road;

e. By operating the vehicle under his control in a reckless and negligent manner;

f. By failing to see what should be seen; and

**g.** Other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this smatter.

**V.**

At the time of the accident, Xavier Reese was acting within the course and scope of his employment with Defendant Paschall Truck Lines, Inc., and therefore, said Defendant is liable for the fault and negligent acts and omissions of its employees, pursuant to La. CC Art. 2320, and other applicable law, and is a proper party defendant herein. Defendant, American Trucking and Transportation Company, is liable pursuant to Louisiana's direct action statute, La. R.S. § 22:1269.

**VI.**

As a result of the October 25, 2016 accident and as the insurer for US Xpress Enterprises, Inc., Great West became obligated to pay and did pay Texas workers' compensation benefits to and on behalf of David Gordon in the current amount of $33,908.62. Great West may incur additional expenses in the future, which it is also entitled to recover.

**VII.**

Great West adopts all causes of action and assertions of fault made by Plaintiff against Defendants in the Original Petition for Damages.  As a result of the aforementioned acts of negligence by Defendants, Great West has paid workers' compensation medical and indemnity benefits that would not have been necessary but for the negligence of Defendants.

**VII.**

Pursuant to the policy of insurance and state law, Great West has the first money right of subrogation, recovery and reimbursement to recover all benefits paid in the past and in the future as a result of the Defendants' negligence, from any recovery or judgment against Defendants herein.

**IX.**

**WHEREFORE**, Intervenor, Great West Casualty Company, prays for relief, as follows:

**(1)** For judgment against Plaintiff, David Gordon, and Defendants, American Trucking and Transportation Insurance Company, Xavier Reese, and Paschal Truck Lines, Inc, jointly and *in solido*, in compensation for the damages alleged in such amounts as the trier of fact may determine to be fair and reasonable under the circumstances;

**(2)** For taxable costs and legal interest on all of the amounts prayed for above, from date of judicial demand until paid; and

**(3)** For such further and other relief as justice and equity may warrant under the circumstance.

Respectfully submitted,

MATTHIESEN, WICKERT & LEHRER, S.C.


/s/ James T. Busenlener
JAMES T. BUSENLENER (LA Bar #22284)
LAUREN M. DAVIS (LA Bar #34669)
101 W Robert E Lee Blvd, Suite 401
New Orleans, LA 70124
P: (262) 673-7850
F: (262) 673-3766
Email: JBusenlener@mwl-law.com
Attorneys for Intervenor,
Great West Casualty Company


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record to this proceeding by using the CM/ECF system, email, hand delivery, by fax, by Federal Express, or by placing a copy in the United States Mail, postage prepaid and properly addressed this 1st day of December, 2017.

/s/ James T. Busenlener
JAMES T. BUSENLENER